IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRACY NORMAN HANSON,          )<br>    ID # 02132020,                           )<br>        Petitioner,                             )<br>vs.                                                    )   No. 3:17-CV-3305-K (BH)<br>                                                       )<br>WARDEN BRIDGES,                       )   Referred to U.S. Magistrate Judge<br>        Respondent.                         ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's 28 U.S.C. § 2254 habeas petition, received December 5, 2017 (doc. 3). Based on the relevant findings and applicable law, this action should be **DISMISSED** for lack of subject matter jurisdiction.

### I. BACKGROUND

Tracy Norman Hanson (Petitioner), a state prisoner currently incarcerated in the Texas Department of Criminal Justice Jester III Unit (TDCJ), was convicted of two counts of felon in possession of a firearm in this Court in Cause No. 3:15-CR-18-L and was sentenced to 120 months' imprisonment for each count, to be served consecutively, by judgment entered February 17, 2016. He was then convicted of aggravated assault of a public servant in Cause No. CR15-00159 on April 25, 2017, in state court in Van Zandt County, Texas, and was sentenced to 35 years' imprisonment. *See* https://offender.tdcj.texas.gov (search for petitioner).

He contends that he was convicted in federal court before he was convicted in state court, and the state does not have authority to keep him incarcerated. He asks that he be moved to the custody of the United States Bureau of Prisons (BOP). (*See* doc. 3 at 6, 7.)

## II.  NATURE OF SUIT

Although Petitioner was convicted in a federal criminal case, he is challenging his confinement under the state conviction and sentence. Because he challenges his state confinement, this habeas action arises under 28 U.S.C. § 2254. *See Preiser v. Rodriguez,* 411 U.S. 475, 487 (1973) (a prisoner seeking to challenge the fact or duration of confinement may only do so within the exclusive scope of habeas corpus).

## III. JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A petitioner may only file an action under 28 U.S.C. § 2254 in the district in which he is incarcerated or in which he was convicted.  *See* 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000) (holding that § 2254 actions may only be filed in the place of incarceration or where convicted).  Petitioner was convicted in Van Zandt County, Texas, located within the Eastern District of Texas, Tyler Division.  *See* 28 U.S.C. § 124(c)(1).  He is currently incarcerated in the Jester III Unit, which is in Fort Bend County, Texas, located within the Southern District of Texas, Houston Division.  *See* 28 U.S.C. § 124(b)(2).  Because he was not convicted in state court within the Northern District of Texas and he is not incarcerated within this district, this

2

Court lacks jurisdiction to consider his § 2254 petition.

Even if the filing were liberally construed as a challenge to the execution of his federal sentence under 28 U.S.C. § 2241, this Court would lack jurisdiction. To entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001); *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990); *Blau v. United States*, 566 F.2d 526, 527-28 (5th Cir. 1978). A § 2241 petition must be filed in the district in which the petitioner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because he is not incarcerated within the Northern District of Texas, this Court would lack jurisdiction over a § 2241 petition.

This Court would also lack jurisdiction if this action were liberally construed as a non-habeas civil action. In *Simpson v. Cockrell*, 273 F.3d 1100 (5th Cir. 2001), the court held that the district court lacked subject matter jurisdiction over a civil action where a federal prisoner sought a transfer to state prison to serve concurrent federal and state sentences, and he specifically asserted that he was not seeking habeas relief. The prisoner did not have a constitutional right to incarceration in any particular prison system. *Id*. Where he served his sentences was a matter for the two sovereigns involved to decide. *Id*.

### III.  RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction.

**SO RECOMMENDED on this 11th day of December, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE